Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235

Michele R. Fisher, MN State Bar No. 303069*
fisher@nka.com
NICHOLS KASTER, PLLP
4700 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200

Charles Scalise, TX State Bar No. 24064521*
charles@rosslawpc.com
ROSS SCALISE LAW GROUP, P.C.
1104 San Antonio Street
Austin, TX 78701
Telephone: (512) 598-1466

*Pro hac vice application forthcoming*
*Attorneys for Plaintiff and Others Similarly Situated*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Jordan Chalmers, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DSSV, Inc., d/b/a Brightwheel,<br><br>Defendant. | **Case No.:**<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*)** |

## PRELIMINARY STATEMENT

1. This is a putative collective action brought by Jordan Chalmers ("Plaintiff"), on behalf of himself and others similarly situated. Plaintiff and those similarly situated are or were employed by DSSV, Inc. d/b/a Brightwheel ("Defendant") as inside sales representatives and were

denied overtime compensation as required by federal law. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. The putative FLSA Collective is defined as all inside sales employees (including inside sales representatives, account executives, sales development representatives, and other positions with similar job titles and/or duties) (collectively "inside sales representatives") who have worked for Defendant any time from three years prior to the filing of this action to the present (the "Collective Period").

3. During the Collective Period, Defendant failed to pay overtime compensation to Plaintiff and the FLSA Collective as required by federal law. Plaintiff seeks relief for himself and for the FLSA Collective to remedy Defendant's failure to pay overtime compensation.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction to hear this Complaint and to adjudicate the claim stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 *et seq*.

5. Plaintiff's consent form to join this lawsuit is attached as Exhibit A. To date, one additional individual signed a consent form, which is attached as Exhibit B. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has its principal place of business in San Francisco, California, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. Pursuant to L.R. 3-2(c) and (d), this action is properly assigned to the San Francisco Division because a substantial portion of the events giving rise to the dispute occurred in San Francisco County, as Defendant is headquartered there with its principal place of business.

## PARTIES

8. Plaintiff is an adult resident of Austin, Texas.

9. Defendant employed Plaintiff as an inside sales representative, working remotely from his home in Austin, Texas from approximately May 2021 to May 2022.

10. Defendant is a Delaware corporation that does business across the United States.

11. According to Defendant's website, its corporate headquarters is located at 548 Market Street, PMB 95237, San Francisco, California, 94104.

12. According to online sources, Defendant is in the business of "preschool and childcare management software that integrates automatic billing and payments, real-time communication, and classroom management." It provides tools for assessment, communication, and photo sharing, and administrators can manage their business with enrollment, reporting, and online bill pay.

13. Upon information and belief, Defendant regularly receives compensation from its clients for services that are delivered across state lines.

14. Upon information and belief, Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA and had an annual gross volume of sales which exceeded $500,000.00.

15. Plaintiff and other inside sales representatives were engaged in commerce or in the production of goods for commerce as defined by Section 207(a)(1) of the FLSA.

16. Plaintiff was Defendant's employee as defined by the FLSA, 29 U.S.C. § 203(e)(1), and Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

**FACTUAL ALLEGATIONS**

17. Plaintiff re-alleges and incorporates by reference the above paragraphs.

18. Plaintiff worked for Defendant as an inside sales representative.

19. Plaintiff and others similarly situated had the primary duty of selling Defendant's platform subscriptions to customers across the country and/or performing other duties incidental to sales.

20. Plaintiff and others similarly situated performed their work for Defendant from home and/or did not customarily or regularly engage in sales away from Defendant's place or places of business.

21. Plaintiff and others similarly situated did not perform office or non-manual work directly related to the management or general business operations of Defendant or Defendant's customers, rather, their work was sales production work.

22. Plaintiff and others similarly situated did not exercise discretion and independent judgment with respect to matters of significance in performing their job.

23. Defendant provided Plaintiff and others similarly situated with the sales leads and expected them to follow scripts when speaking with potential customers.

24. Plaintiff and others similarly situated worked unpaid overtime hours to meet Defendant's demands.

25. Defendant put pressure on Plaintiff and others similarly situated to contact and respond to potential customers, and meet sales goals, which led to overtime work.

26. Plaintiff worked overtime regularly and often worked overtime hours at the end of months, quarters, and years. In addition, Plaintiff regularly answered work-related phone calls and emails prior to and after his scheduled working hours. Defendant's demands for service and production also caused Plaintiff to routinely work through meal periods.

27. By way of example, in the workweek ending, February 20, 2022, Plaintiff estimates that he worked approximately 43 hours. Defendant did not compensate him for any of the overtime hours he worked during that workweek, or any other weeks.

28. Defendant paid Plaintiff and others similarly situated on a salary plus commissions basis without any overtime compensation.

29. Defendant failed to maintain time records for Plaintiff and those similarly situated.

30. Defendant knew Plaintiff and others similarly situated worked overtime hours because its job requirements and production standards required it.

31. In addition, Plaintiff and other inside sales representatives communicated with supervisors regarding working through meal periods and after hours. Their complaints were largely ignored, resulting in the requirement to work overtime.

32. Defendant knew or should have known that its inside sales representatives were non-exempt employees entitled to overtime pay because, for example, federal courts and the U.S. Department of Labor have consistently held that inside salespersons are entitled to overtime wages. Defendant had a duty to investigate and research its obligations under the FLSA.

33. Defendant's conduct was willful and in bad faith. Defendant operated under a scheme that has caused damages to Plaintiff and the similarly situated individuals.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff brings this action on behalf of himself and the putative FLSA Collective as authorized under the FLSA, 29 U.S.C. § 216(b).

35. Defendant operated under a scheme to deprive these employees of overtime compensation by failing to pay them for overtime hours worked.

36. There are numerous similarly situated current and former employees of Defendant who have been denied overtime pay who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated are known to Defendant and are identifiable through its records.

## CLAIM FOR RELIEF

## FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME

37. Plaintiff re-alleges and incorporates by reference the above paragraphs.

38. The FLSA requires employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

39. Defendant has not properly compensated Plaintiff or the FLSA Collective for their overtime hours as required by the FLSA.

40. Defendant knew Plaintiff and the FLSA Collective worked overtime without compensation, and it willfully failed and refused to pay Plaintiff and the FLSA Collective overtime pay. *See* 29 U.S.C. § 255.

41. Defendant's willful failure and refusal to pay Plaintiff and the FLSA Collective for overtime hours worked violates FLSA. 29 U.S.C. §§ 207, 255(a).

42. Defendant failed to make, keep, and preserve records of Plaintiff and the FLSA Collective to determine their wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. § 255(a).

43. As a direct and proximate result of Defendant's conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of wages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, individually and on behalf of the FLSA Collective, prays for relief as follows:

a. Designation of this action as a collective action and authorization of the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of this case and permitting them to assert FLSA claims by filing consent forms;

b. Judgment that Plaintiff and the FLSA Collective are non-exempt employees entitled to overtime compensation under the FLSA;

c. Judgment against Defendant for an amount equal to Plaintiff's and the FLSA Collective's unpaid overtime wages at the applicable overtime rates and liquidated damages;

d. A finding that Defendant's violations of the FLSA are willful;

e. All costs and attorneys' fees incurred in prosecuting this claim;

f. An award of any pre- and post-judgment interest;

g. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

h. Plaintiff may seek to amend this Complaint to add additional named plaintiffs to assert state law claims on an individual and/or class basis, or to assert claims for additional penalties based on the factual allegations of this Complaint.

Dated:  December 15, 2022              **NICHOLS KASTER, LLP**

                                        By:      */s/ Daniel S. Brome*
                                                 Daniel S. Brome

                                                 ATTORNEYS FOR PLAINTIFF AND THE
                                                 PUTATIVE FLSA COLLECTIVE