UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN CHALMERS, | Case No. 22-cv-08863-HSG |
| Plaintiff, | **ORDER DENYING MOTION TO TRANSFER** |
| v. | Re: Dkt. No. 12 |
| DSSV, INC., D/B/A BRIGHTWHEEL | |
| Defendant. | |

Pending before the Court is Defendant DSSV, Inc.'s Motion to Transfer Venue. Dkt. No. 12. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **DENIES** the motion.

## I.    BACKGROUND

Plaintiff Jordan Chambers started working for DSSV, Inc., d/b/a Brightwheel ("Defendant") around May 2021 as an inside sales representative promoting Defendant's preschool and childcare management software. Dkt. No. 1 ¶¶ 9, 11.

On April 27, 2021, Defendant sent Plaintiff an offer letter agreement ("Agreement") detailing the terms and benefits of the sales position, which the parties executed the same day. Dkt. No. 28 at 3–4; Dkt. No. 28–1, Ex. A. The Agreement included a section called "Interpretation, Amendment and Enforcement," which specified that in the event of any dispute between the parties, the Agreement's terms would be "governed by California law" and that the parties would "submit to the exclusive personal jurisdiction of the federal and state courts located

in California." Dkt. No. 28–1, Ex. A at 3. [1]

Throughout his employment with Defendant, which ended around May 2022, Plaintiff worked remotely from his home in Austin, Texas. Dkt. No. 1 ¶ 9. Later that year, Plaintiff filed a collective action complaint alleging that Defendant improperly classified him and other similarly situated employees as "exempt," and failed to pay them overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 216(b). *See* Dkt. No. 1. According to Plaintiff, a total of ten people (including him) have joined the collective action to date. *See* Dkt. No. 28 at 2, fn. 1.

Shortly after Plaintiff filed his complaint in the Northern District of California, Defendant filed a motion to transfer venue to the Western District of Texas under 28 U.S.C. §§ 1404 and 1406, arguing (without reference to the Agreement) that venue in this district is improper. Dkt. No. 12. Plaintiff filed an Opposition on February 1, 2023. Dkt. No. 28. Defendant filed a Reply on February 8, 2023. Dkt. No. 29.

## II.    LEGAL STANDARD

Where an action has been commenced in an improper venue, a court shall, upon hearing of a timely motion, dismiss the action or, if deemed to be in the interest of justice, transfer it to different venue where the case could have been properly brought. 28 U.S.C. § 1406. Venue is proper where (1) "any defendant resides", (2) "a substantial part of the events or omissions giving rise to the claim occurred", or (3) where there is "no district in which an action may otherwise be brought . . . ." 28 U.S.C. § 1391(b). But objections to proper venue "may be waived through

---

[1] Defendant raised blanket evidentiary objections to this and all of Plaintiff's other Opposition exhibits in an attachment to its Reply. See Dkt. No. 29–1. The Court terminates as moot the objections raised as to Exhibits B-H of Plaintiff's Opposition, as the Court did not consider these materials in reaching its ruling. As to Exhibit A, the Offer Letter Agreement containing the forum selection clause at issue, the Court overrules Defendant's objections, as it finds sufficient basis to consider this document. Defendant has not made a showing that the Agreement – which is obviously relevant and bears Defendant's letterhead, discusses company policies, and was signed by its CEO – should not be relied upon. Furthermore, the Court notes that it was improper for Defendant to have even raised these objections in a document separate from its Reply. Under the Local Rules, "[a]ny evidentiary and procedural objections to the motion must be contained *within* the brief or memorandum." *See* Civil L.R. 7-3(a) (emphasis added). The Court cautions Defendant that moving forward, the Court will require it to fully comply with the Local Rules.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  consent." *HDOS Franchise Brands, LLC v. El Paso Hot Dog, LLC*, No. 321CV00201AJBBLM,

2  2021 WL 5629923 at *3 (S.D. Cal. June 29, 2021). In determining whether venue is proper, courts

3  may consider evidence outside the pleadings. *See Murphy v. Schneider Nat'l Inc.,* 362 F.3d 1133,

4  1137 (9th Cir. 2004).

5        Even where a plaintiff's chosen venue is proper, a defendant may petition the court for

6  transfer to a different district under 28 U.S.C. § 1404. "For the convenience of the parties and

7  witnesses, in the interest of justice, a district court may transfer any civil action to any other

8  district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The moving

9  party bears the burden of showing that the transferee district is a "more appropriate forum." *See*

10  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000). And the district court has

11  broad discretion in deciding whether to transfer an action. *See Ventress v. Japan Airlines*, 486 F.3d

12  1111, 1118 (9th Cir. 2007) ("[T]he district court's decision to change venue is reviewed for abuse

13  of discretion. Weighing of the factors for and against transfer involves subtle considerations and is

14  best left to the discretion of the trial judge.") (citations and quotations omitted).

15        In a typical case, the Court engages in a two-step analysis in deciding a motion to transfer

16  under 28 U.S.C. § 1404(a). First, it determines "whether the transferee district was one in which

17  the action 'might have been brought' by the plaintiff." *Hoffman v. Blaski*, 363 U.S. 335, 343–44

18  (1960) (quoting 28 U.S.C. § 1404(a)). If it is, the Court engages in an "individualized, case-by-

19  case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22,

20  29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In this district, courts

21  consider a range of private interest factors (such as the plaintiff's choice of forum and the

22  convenience of the parties, witnesses, and evidence) and public interest factors (such as the court's

23  familiarity of each forum with the applicable law, the feasibility of consolidation with other

24  claims, any local interest in the controversy, and the cost differential of litigation in the two

25  forums). *See*, e.g*., Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000); *Perez v.*

26  *Performance Food Grp., Inc.*, No. 15-cv-02390-HSG, 2017 WL 66874, at *2 (N.D. Cal. Jan. 6,

27  2017).

28

United States District Court
Northern District of California

However, in a case involving a valid forum selection clause, the "calculus changes." [2] *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013). The forum selection clause "represents the parties' agreement as to the most proper forum," and accordingly "should be given controlling weight in all but the most exceptional cases." *Id.* at 63 (quoting *Stewart Org., Inc*, 487 U.S. at 33 (KENNEDY, J., concurring)). Among other things, a court considering a motion to transfer in a case involving a valid forum selection clause "should not consider arguments about the parties' private interests," since, by preselecting a litigation forum, the parties have waived arguments based on convenience of witnesses, parties, and evidence. *Atl. Marine Const. Co.*, 571 U.S. at 64. As a result, a court may only consider arguments as to the public interest factors, but "those factors will rarely defeat" a party's efforts to enforce a valid forum selection clause. *Id.* This result makes sense because "[t]he enforcement of valid forum selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id* at 63 (citations and quotations omitted).

That said, the strong presumption in favor of a forum selection clause can be overcome in "exceptional" cases. To prove a case as "exceptional," a party must show that "(1) the clause is invalid due to 'fraud or overreaching,' (2) 'enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision,' or (3) 'trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court." *Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 915 (9th Cir. 2019) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 18 (1972)). This is a heavy burden. *Ponomarenko v. Shapiro*, 287 F. Supp. 3d 816, 835 (N.D. Cal. 2018) (citations and quotations omitted.)

## III. DISCUSSION

In essence, Defendant asks this Court to find improper the venue where its own agreement requires Plaintiff to litigate, and to deem the forum selection clause it required Plaintiff to accept

---

[2] Under federal law, "[f]orum selection clauses are prima facie valid." *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15 (1972)).

1    unenforceable.  The Court declines to do so.

      **A.**    **Through its Agreement With Plaintiff, Defendants Consented to Litigate in this District, and No Exceptional Circumstances Preclude the Agreement's Enforcement.**

4        Defendant argues that this case should be transferred to the Western District of Texas because it was commenced in an improper venue, and because the convenience of the parties and interests of justice support such a transfer. This argument entirely fails.  In its Agreement with Plaintiff, Defendant already agreed that the California courts are the *only* proper venue for litigation.  Specifically, and as a condition of employment that Defendant imposed on Plaintiff, the parties consented to "submit to the exclusive personal jurisdiction of the federal and state courts located in California" should a dispute arise.  Dkt. No. 28–1, Ex. A at 3.  Plaintiff, though a Texas citizen, accordingly filed his case here.  So Defendant is now in the unusual position of "seek[ing] to avoid, rather than enforce, the forum selection clause" that it authored.  *See HDOS Franchise Brands, LLC*, 2021 WL 5629923 at *3.  Having specifically contracted for venue in California in its Agreement with Plaintiff, Defendant has waived its right to argue that venue in this district is improper.  *See id.*  And having found that Defendant waived objections to litigating in this district, this Court need not find that venue is independently proper under the federal venue statutes.  *See id.* (observing that were it otherwise, "a forum selection clause would never be valid unless, by chance, the venue specified in the clause happened to satisfy § 1391(b), in which case the forum selection clause would have been completely unnecessary") (citations and quotations omitted).  Defendant has agreed that this case must be litigated here, and that is the end of the matter unless it can prove that this is a rare instance in which the forum selection clause should not be enforced.

22        Defendant fails to do so.  Enforcement of a forum selection clause can only be overcome in "exceptional cases" – but this is not one of them.  *Atl. Marine Const. Co.*, 571 U.S. at 64.  Defendant contends that holding the parties to their bargain would contravene California public policy, warranting non-enforcement.  *See Gemini Techs., Inc.*, 931 F.3d at 915.  More specifically, Defendant argues that enforcement of the clause would be "anathema" because California Labor Code § 925 provides that "an employer shall not require an employee who primarily resides and who primarily works in California, as a condition of employment, to agree to . . . adjudicate a

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1  claim arising in California outside of California."  Dkt. No. 29 at 3; Cal. Lab. Code § 925(a).  This

2  statute has no immediate bearing on this Plaintiff or the parties' Agreement, since Plaintiff – the

3  "employee" – does not "primarily reside[]" or "work[]" in California.  But Defendant nonetheless

4  invites the Court to analogize: it argues that "by the same reasoning" underpinning California

5  Labor Code § 925, Plaintiff, "who primarily resided and worked for [Defendant] in Texas, cannot

6  be required to adjudicate a claim in California."  Dkt. No. 29 at 3.  The Court finds this logic

7  unpersuasive (not to mention entirely inconsistent with Defendant's own mandatory forum

8  selection clause).  To the extent California Labor Code § 925(a) conveys a public policy, it is one

9  that expresses a preference about where *California* resident employees can be required to

10  adjudicate claims arising out of conduct in this state.  This provision is neutral as to how forum

11  selection clauses binding *non*resident employees, such as Plaintiff, should be drafted or enforced.

12  Since Defendant has not pointed the Court to any California public policy relevant to the facts of

13  this case, the Court declines Defendant's invitation to extrapolate from the cited statute an

14  analogous California policy governing agreements with nonresident employees.

15       Defendant does not suggest that the forum selection clause in its own agreement with

16  Plaintiff is the product of "fraud or overreaching," and does not argue that litigation in this district

17  would "deprive" it of its day in court.  *See Gemini Techs., Inc.*, 931 F.3d at 915.  Nor does it make

18  a compelling case that the § 1404 public interest factors (such as the familiarity of the forums with

19  the applicable law, feasibility of claim consolidation, or local interest in the action) outweigh the

20  private interest factors, which this Court construes in favor of Plaintiff, the party seeking to

21  enforce the agreement.[3]  *See Atl. Marine Const. Co.*, 571 U.S. at 64.  As such, the Court

22

23  [3] The parties discuss an additional public interest factor considered by many courts: court

24  congestion.  *See* Dkt. No. 12 at 10; Dkt. No. 28 at 10.  Defendant argues that because the median time to from filing to trial is 34.7 months in the Northern District of California and 28.3 months in

25  the Western District of Texas, this factor weighs "slightly" in favor of litigation in the Western District of Texas.  However, the Court, in its discretion, declines to consider the relative

26  congestion of the two districts.  Comparing court congestion could have the unintended consequence of penalizing efficiency by effectively placing more cases in the districts with the

27  shortest time to trial.  In addition, the Court is somewhat skeptical of the ability of the Court or the parties to accurately and meaningfully capture these metrics as of today, which is the only

28  timeframe that matters for this purpose.  As such, the Court opts not to consider – or to take

determines that Defendant has not borne its burden of showing that exceptional circumstances justify a refusal to enforce the clause, and accordingly denies Defendant's motion to transfer under 28 U.S.C. §§ 1404 or § 1406.

## IV.   CONCLUSION

The Court **DENIES** the Motion to Transfer Venue.  Dkt. No. 12.

The Court further **SETS** a telephonic case management conference on October 24, 2023, at 2:00 p.m.  All counsel shall use the following dial-in information to access the call:

Dial-In: 888-808-6929

Passcode: 6064255

All attorneys and pro se litigants appearing for a telephonic case management conference are required to dial in at least 15 minutes before the hearing to check in with the courtroom deputy.  For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines.  The Court **DIRECTS** the parties to meet and confer and submit a joint case management statement by October 17, 2023.  The parties should be prepared to discuss how to move this case forward efficiently.

**IT IS SO ORDERED.**

Dated:    9/22/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

_____

judicial notice of – the congestion statistics provided by the parties.  *See* Dkt. No. 12 at 10, fn. 1.

7